IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 14-263 |
| ) | Civil No. 17-810 |
| ) | Judge Nora Barry Fischer |
| ANDREW PATTERSON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

### I. INTRODUCTION

This matter is before the Court on a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, ("Motion"), filed by *pro se* Defendant Andrew Patterson ("Defendant"), (Docket Nos. 79), his Brief in Support, (Docket No. 80), the Government's opposition thereto, (Docket No. 84), and Defendant's Reply, (Docket No. 85). Defendant maintains that his sentence should be vacated and that he should be resentenced based on the Sentencing Commission's subsequent amendment to the child pornography guidelines, Amendment 801, which revised Guideline § 2G2.2(b)(3)(F) to specify that a *mens rea* of knowingly must be proven prior to applying the enhancement. (Docket Nos. 80; 85). The Government contends that the motion is procedurally defective and that any guidelines error is not of a sufficient magnitude to warrant relief under § 2255. (Docket No. 84). After careful consideration of the parties' submissions and for the following reasons, Defendant's Motion [79] is denied.

### II. BACKGROUND

A federal grand jury returned a three count indictment against Defendant on November 18, 2014 charging him with one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2); one count of receipt of child pornography, in violation of 18 U.S.C. §

1

2252(a)(2); and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). (Docket No. 1). On January 20, 2016, Defendant appeared before the Court and pled guilty to Count One of the Indictment pursuant to a plea agreement with the Government. (*See* Docket Nos. 46, 47; *Plea Letter dated 12/3/15*). Count One specifically charges the following:

> From on or about June 15, 2014, to on or about June 16, 2014, in the Western District of Pennsylvania and elsewhere, the defendant, ANDREW PATTERSON, did knowingly distribute visual depictions, namely videos and images in computer graphics and digital files, to an undercover detective of the Indiana County District Attorney's Office, the production of which involved the use of minors engaging in sexually explicit conduct, and which depicted minors engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256, using a means and facility of interstate and foreign commerce, specifically by computer.
> In violation of Title 18, United States Code, Section 2252(a)(2).

(Docket No. 1). The potential penalties for such offense included a mandatory minimum penalty of five years' incarceration and up to a term of twenty years' incarceration. *See* 18 U.S.C. §§ 2252(a)(2) and (b)(1).

As is the Court's practice, it conducted an extensive colloquy with Defendant to confirm that he was competent, understood the Constitutional and other rights that he was waiving by entering a guilty plea, and that he was knowingly and voluntarily pleading guilty to Count One. (*See* Docket Nos. 46, 47). The Court then addressed the terms of the plea agreement directly with Defendant, who assented, under oath, that: he had discussed all relevant matters pertaining to the plea agreement with his counsel; and, he was knowingly and voluntarily accepting the terms of the plea agreement and the waivers contained therein, including waiving his right to appeal the judgment and sentence to the Court of Appeals. (*Id.*; *Plea Letter dated 12/3/15*). The

Court next discussed the parties' comprehensive stipulations regarding the computations of the advisory guidelines range in Defendant's case, which included, among other things, that Defendant's base offense level would be increased "an additional 2 levels pursuant to § 2G2.2(b)(3)(F) because the offense involved distribution." *Plea Letter 12/13/15* at ¶ C.3. After confirming that Defendant was fully informed of the charges, the potential penalties for same and the rights that he was waiving, the Court accepted his guilty plea to Count One. (*See* Docket Nos. 46, 47).

The Probation Office included the enhancement under Guideline § 2G2.2(b)(3)(F) as part of its computations of the advisory guidelines range and no objections were lodged to the Probation Office's computations of the advisory guidelines or to any other aspect of the Presentence Investigation Report, ("PIR"). (PIR at ¶ 27). As the Court noted in its Tentative Findings and Rulings, the Probation Office applied an additional five-level enhancement under Guideline § 2G2.2(b)(5) based on an alleged pattern of activity which the Court also imposed. (Docket No. 61 at §§ II.2). The Court determined that Defendant's advisory guidelines range was 240 months' incarceration because the otherwise applicable advisory guidelines range of 262 to 327 months' incarceration was above the statutory maximum penalty of 240 months' incarceration. (Docket No. 61).

At sentencing, no objections were lodged to the PIR or the Tentative Findings and Rulings, which were adopted as the Court's final rulings on the advisory guidelines range.[1] (Docket No. 75). Defendant moved for a variance below the advisory guidelines range of 240 months' incarceration and presented the expert testimony of Dr. Lawrence Sutton, a licensed

---

[1] Defendant argues in his *pro se* submissions that his counsel objected to the application of the 2-level enhancement under § 2G2.2(b)(3)(F). (Docket Nos. 79; 80; 85). He is mistaken as his counsel merely argued for a variance, reasoning that the application of the various enhancements collectively resulted in a sentence that was excessive under the § 3553(a) factors. (*See* Docket No. 68).

psychologist, whom had also prepared a report that was presented to the Court in an effort to mitigate his sentence. (Docket Nos. 69; 75). After careful consideration of the § 3553(a) factors, the Court granted Defendant's motion, in part, and imposed a sentence of 151 months' incarceration, and a life term of supervised release. (Docket Nos. 75; 76). The Court also ordered him to pay a $100 special assessment and to forfeit certain property used in the commission of the offense. (*Id.*). Restitution was not ordered, as the Government conceded that the claims of restitution which were made did not relate to the distribution offense to which Defendant had pled guilty. (Docket Nos. 71; 76). Counts Two and Three of the Indictment were also dismissed in accordance with the parties' plea agreement. (Docket Nos. 75; 76).

The facts of Defendant's case were uncontested as no objections were lodged to the PIR. (Docket Nos. 56; 58; 61). He admitted that he possessed over one thousand videos and several thousand images containing child pornography, many of which involved graphic depictions and videos of very young children, including toddlers and babies. (PIR at ¶¶ 4, 16-17). He likewise conceded that these files were saved and categorized in folders on his desktop computer. (PIR at ¶ 16). He had installed EMULE software on the computer and the child pornography was shared over the peer-to-peer network EDONKEY 2000. (PIR at ¶¶ 4, 16). A detective with the Indiana County District Attorney's Office conducting an undercover investigation on June 15 and 16, 2014, was able to make a direct connection to Defendant's computer through the file sharing network and successfully downloaded several video and image files containing child pornography from Defendant's computer. (*Id.* at ¶¶ 4-5). Such conduct formed the basis of the guilty plea to the charge of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). (*Id.*).

The Court was also well informed of Defendant's personal history and characteristics

through the information contained in the PIR, and his counsel's advocacy in his Sentencing Memorandum and at the sentencing hearing. (Docket Nos. 56; 69; 75; 76). To that end, Defendant was 46 years old, married and had a 15 year old daughter. (PIR at ¶¶ 55). He had a difficult upbringing in New York State and suffered from an autism spectrum disorder, as described by Dr. Sutton. (PIR at ¶¶ 19, 47-49, 57). Despite such diagnosis, he is high functioning and well educated, earning associates' and bachelors' degrees in computer technology and computer information sciences. (PIR at ¶¶ 60-61). Defendant also had an extensive work history as a software engineer, the most recent of which was for a local company where he earned approximately $76,500 annually. (PIR at ¶ 63). He previously served in the military for several years, reenlisting and receiving an honorable discharge. (PIR at ¶¶ 64-65). Prior to his incarceration, Defendant was volunteering as a youth minister at a local church. (PIR at ¶ 11).

As noted, this Court sentenced Defendant to 151 months' incarceration and a life term of supervised release on July 7, 2016. (Docket No. 76). Defendant did not appeal his conviction or sentence to the Court of Appeals. (*See generally* Docket Report 14-263). On June 19, 2017, Defendant timely filed his § 2255 Motion and Brief in Support within one year of his sentence becoming final. (Docket No. 79; 80). The Court advised Defendant of his rights under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and he elected to proceed with the § 2255 Motion as filed. (Docket Nos. 81; 82). The Government filed its response in opposition on July 25, 2017. (Docket No. 84). Defendant thereafter submitted his Reply Brief on August 11, 2017. (Docket No. 85). The matter is now fully briefed and ripe for disposition.

III. LEGAL STANDARD

A prisoner in federal custody may move to vacate his or her sentence under 28 U.S.C. §

2255(a) if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A motion under § 2255 is a collateral challenge that is viewed less favorably than a direct appeal and "relief under § 2255 is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and ... present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)) (further quotations omitted). Generally, a district court must order an evidentiary hearing in a federal habeas case if a criminal defendant's § 2255 allegations raise an issue of material fact. *United States v. Biberfeld*, 957 F.2d 98, 102 (3d Cir. 1992); *United States v. Tolliver*, 800 F.3d 138, 140-41 (3d Cir. 2015). But, if there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing. *United States v. Costanzo*, 625 F.2d 465, 470 (3d Cir. 1980); *see also Tolliver*, 800 F.3d at 140-41. If a hearing is not held, the district judge must accept the criminal defendant's allegations as true "unless they are clearly frivolous on the basis of the existing record." *Gov't of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984). Similarly, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation." *United States v. Knight*, 2009 WL 275596, at *13 (W.D. Pa. 2009) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

IV. DISCUSSION

Defendant argues that his federal sentence must be vacated and that he should be resentenced based on the subsequent revisions to Guideline § 2G2.2(b)(3)(F) which are set forth

6

in Amendment 801 to the United States Sentencing Guidelines, effective November 1, 2016, or several months after his sentencing hearing in July of 2016. (Docket Nos. 80, 85). He alleges that this change constitutes a "clarifying" amendment to the Guidelines which the Third Circuit has held is of the type that can be presented on collateral review. (*Id.*). Defendant contends that he is entitled to a hearing on his § 2255 Motion because he now claims that – despite his having pled guilty to distribution of child pornography, his background in computers and career as a software engineer – he allegedly did not know that the software that he was utilizing to download his child pornography was set up to share the materials with other users. (*Id.*). The Government counters that the Court should not reach the merits of Defendant's arguments because Amendment 801 is a "substantive" amendment to the Guidelines that has not been made retroactive by the Sentencing Commission and otherwise represents a challenge to an alleged error in the application of the sentencing guidelines which is not cognizable on collateral review via a [§ 2255](#) motion. (Docket No. 84). Defendant replies with authority from outside the Third Circuit for the proposition that Amendment 801 has been deemed a "clarifying" amendment in some circuits and reiterates his allegation that he did not understand that he was sharing his child pornography with others via the EMULE software he had installed and used on his own computer. (Docket No. 85).

Having considered the parties' arguments, it is this Court's opinion that Defendant's motion is without merit and must be denied without a hearing. [*United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008)](#). In reaching this decision, the Court need not address the parties' disputes as to whether Amendment 801 is properly characterized as a "substantive" or "clarifying" amendment to the Sentencing Guidelines or if relief under § 2255 is available to a defendant challenging this particular change to the guidelines. Rather, it is clear to the Court that

the subsequent amendment to Guideline § 2G2.2(b)(3)(F) would not offer any relief to this Defendant because he pled guilty to distribution of child pornography, a crime which has the *mens rea* element of "knowingly" that has been incorporated into the newly revised version of § 2G2.2(b)(3)(F) and the corresponding 2-level enhancement would still apply if he were sentenced today. *See e.g.,* 18 U.S.C. § 2252(a)(2) ("Any person who --- (2) knowingly receives, or distributes, any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce… by any means including by computer…, if-- (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (B) such visual depiction is of such conduct, … shall be punished as provided in subsection (b) of this section."); *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 78-79 (1994) (holding that the mens rea of "knowingly" used in § 2252(a)(2) "extends both to the sexually explicit nature of the material and to the age of the performers."). Hence, by pleading guilty to distributing child pornography in violation of 18 U.S.C. § 2252(a)(2), Defendant has already admitted that he *knowingly* distributed child pornography, an admission which is sufficient to apply the amended version of this enhancement and foreclose his present objections to same.

This reasoning is fully supported by the language of both versions of the enhancement and the Sentencing Commission's explanation for the changes. In this regard, the 2015 version of Guideline § 2G2.2(b)(3)(F) used at Defendant's sentencing provided, in relevant part, that "[i]f the offense involved … [d]istribution … increase by 2 levels." U.S.S.G. §2G2.2(b)(3)(F) (2015). The revised version set forth in the 2016 Guidelines states that "[i]f the defendant knowingly engaged in distribution … increase by 2 levels." U.S.S.G. § 2G2.2(b)(3)(F) (2016). The commentary adds that "[f]or purposes of subsection (b)(3)(F), the defendant 'knowingly engaged in distribution' if the defendant (A) knowingly committed the distribution, (B) aided,

abetted, counseled, commanded, induced, procured, or willfully caused the distribution, or (C) conspired to distribute." U.S.S.G. § 2G2.2, cmt. n.3. In the Supplement to Appendix C of the 2016 Sentencing Guidelines, the Sentencing Commission describes the need for the changes as follows:

> The 2-Level Distribution Enhancement
>
> The circuits have reached different conclusions regarding whether application of the 2-level distribution enhancement at §2G2.2(b)(3)(F) requires a mental state (mens rea), particularly in cases involving use of a file-sharing program or network. The Fifth, Tenth, and Eleventh Circuits have held that the 2-level distribution enhancement applies if the defendant used a file-sharing program, regardless of whether the defendant did so purposefully, knowingly, or negligently. *See, e.g., United States v. Baker*, 742 F.3d 618, 621 (5th Cir. 2014); *United States v. Ray*, 704 F.3d 1307, 1312 (10th Cir. 2013); *United States v. Creel*, 783 F.3d 1357, 1360 (11th Cir. 2015). The Second, Fourth, and Seventh Circuits have held that the 2-level distribution enhancement requires a showing that the defendant knew of the file-sharing properties of the program. *See, e.g., United States v. Baldwin*, 743 F.3d 357, 361 (2d Cir. 2015) (requiring knowledge); *United States v. Robinson*, 714 F.3d 466, 468 (7th Cir. 2013) (knowledge); *United States v. Layton*, 564 F.3d 330, 335 (4th Cir. 2009) (knowledge or reckless disregard). The Eighth Circuit has held that knowledge is required, but knowledge may be inferred from the fact that a file-sharing program was used, absent "concrete evidence" of ignorance. *See United States v. Dodd*, 598 F.3d 449, 452 (8th Cir. 2010). The Sixth Circuit has held that there is a "presumption" that "users of file-sharing software understand others can access their files." *United States v. Conner*, 521 Fed. App'x 493, 499 (6th Cir. 2013); *see also United States v. Abbring*, 788 F.3d 565, 567 (6th Cir. 2015) ("the whole point of a file-sharing program is to share, sharing creates a transfer, and transferring equals distribution").
>
> The amendment generally adopts the approach of the Second, Fourth, and Seventh Circuits. It amends §2G2.2(b)(3)(F) to provide that the 2-level distribution enhancement applies if "the defendant knowingly engaged in distribution." Based on testimony, public comment, and data analysis, the Commission determined that the 2-level distribution enhancement is appropriate only in cases in which the defendant knowingly engaged in

9

> distribution. An accompanying application note clarifies that: "For purposes of subsection (b)(3)(F), the defendant 'knowingly engaged in distribution' if the defendant (A) knowingly committed the distribution, (B) aided, abetted, counseled, commanded, induced, procured, or willfully caused the distribution, or (C) conspired to distribute." Similar changes are made to the 2-level distribution enhancement at §2G2.1(b)(3) and the obscenity guideline, §2G3.1 (Importing, Mailing, or Transporting Obscene Matter; Transferring Obscene Matter to a Minor; Misleading Domain Names), which contains a similarly tiered distribution enhancement.

U.S.S.G., Supp. to App'x C, "Amendment 801" at 144-45 (Nov. 1, 2016). Based on this explanation, it appears that the United States Court of Appeals for the Third Circuit was not on either side of the Circuit split which the Sentencing Commission resolved through its amendment to § 2G2.2(b)(3)(F). *Cf. United States v. Husmann*, 765 F.3d 169, 176 (3d Cir. 2014) ("While several circuits have held that merely placing child pornography in a shared folder on a file sharing network warrants application of a distribution enhancement, no circuit has relied on the Sentencing Guidelines definition of 'distribution' to interpret the meaning of the term in § 2252(a)(2).").

Most importantly for Defendant's case, however, is that his § 2255 claim challenges his sentence but not his conviction, which resulted from his knowing and voluntary guilty plea entered with the advice of his counsel to the distribution count. (Docket Nos. 79; 80; 85). Since Defendant necessarily admitted that he knowingly distributed child pornography over the file sharing network by pleading guilty, the Sentencing Commission has expressly recognized that the revised version of the enhancement would be appropriately applied in his case. *See* U.S.S.G., Supp. to App'x C, "Amendment 801" at 144-45 ("the Commission determined that the 2-level distribution enhancement is appropriate only in cases in which the defendant knowingly engaged in distribution."). Therefore, the existing record clearly demonstrates that Defendant is not

entitled to relief. See *Tolliver*, 800 F.3d at 141.

In any event, Defendant's present assertions that he was unaware that he knowingly distributed child pornography through the file sharing network are wholly incredible because they clearly conflict with the uncontested facts that Defendant admitted during the course of this matter. *See e.g., Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."). Again, Defendant is a well-educated, computer software engineer, had amassed thousands of videos and photographs of child pornography via the EMULE software and admitted that he knowingly distributed the materials through the file sharing network to an undercover officer. He also stipulated to the application of the challenged enhancement as part of his plea agreement with the Government. Defendant's sentence was arrived at after the Court carefully considered all of the § 3553(a) factors in his case and the 151 month sentence represented a variance well below the advisory guidelines range of 240 months' incarceration or the statutory maximum penalty for his offense. Indeed, the sentence imposed remains well below an advisory guidelines range of 210-240 months computed without the challenged enhancement.

Overall, the Court finds that there is no basis in law or fact justifying the extraordinary relief to set aside Defendant's valid federal sentence under § 2255. *See Travillion*, 759 F.3d at 288. Accordingly, his Motion is denied.

V. CONCLUSION

Based on the foregoing, Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is denied, with prejudice. The Court also holds that Defendant has failed

to make a substantial showing of the denial of a Constitutional right and is not entitled to a certificate of appealability. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Dated: October 17, 2017

cc/ecf: All counsel of record
Andrew Patterson (USMS #35450068)
FCI Fort Dix
P.O. Box 2000
Joint Base, NJ 08640